## HELVERING, Com'r of Internal Revenue, v. LEARY.

### No. 4212.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

Maurice J. Mahoney, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Thomas M. Wilkins, of Washington, D. C., for respondent.

NORTHCOTT, Circuit Judge.

This is a petition for a review of a decision of the United States Board of Tax Appeals, entered in October, 1936, and involves income taxes of the respondent, for

the calendar year 1931, in the sum of $7,-977.39. The decision of the Board was entered in November, 1936, and is reported in 34 B. T. A. 1206.

The facts were stipulated and there is no contention as to them as found by the Board. The taxpayer, H. B. Leary, Sr., here referred to as the respondent, was the owner of certain shares of stock in the General Baking Corporation of Maryland, here referred to as the Maryland Corporation, which was a corporation organized· in 1925 for the sole purpose of holding the common stock of the General Baking Company, here referred to as the New York Company, which was organized in the year 1911 under the laws of New York. The New York Company owned and operated a large number of baking plants located in various places in the United States.

The Maryland Corporation held practically all of the common stock of the New York Company in the early part of 1931. Those in charge of the two corporations decided to eliminate the Maryland Corporation and have the common stock of the New York Company held directly by the former stockholders of the Maryland Corporation. Plans for the change were made, agreed to, and carried out in the year 1931. These plans involved a number of details not pertinent to the issue here. The Maryland Corporation transferred substantially all of its assets, including its principal asset the common stock of the New York Company to the New York Company. The stockholders of the Maryland Corporation, including the respondent, surrendered their stock in the Maryland Corporation and received in exchange stock of the New York Company, bonds of the New York Company, and a small amount of cash. The Maryland Corporation was dissolved and the New York Company continued to conduct its baking business as formerly. These things were all done pursuant to the plan. After the former stockholders of the Maryland Corporation had received the stock of the New York Company they were in control of that corporation owning at least 80 per centum of the voting stock and there was no other class of stock of the New York Company then outstanding.

Guy T. Helvering, Commissioner of Internal Revenue, the petitioner herein, held that the transaction above described was in effect a liquidation of the Maryland Corporation and not a reorganization within the meaning of the taxing statutes and that the respondent was taxable on the value of the stock of the New York Company received by him upon the surrender of his stock in the Maryland Corporation, as a liquidating dividend.

The respondent petitioned the Board of Tax Appeals for a redetermination and, after a hearing, the Board, one member dissenting, held that the transaction constituted a reorganization within the meaning of section 112(i) (1) (A) and (B) of the Revenue Act of 1928, 45 Stat. 816.

The Board further held that a dividend of fifty cents a share declared and paid by the New York Company on its own stock was not taxable as a liquidating dividend but was taxable as an ordinary dividend when received by the taxpayer.

The questions presented on this appeal are:

1. Whether the receipt by the taxpayer of stock of the General Baking Company of New York, upon surrender of his stock in the General Baking Corporation of Maryland in 1931, constituted a nontaxable exchange made pursuant to a plan of reorganization between the two companies or a taxable distribution in liquidation of the Maryland Corporation.

2. Whether a dividend of fifty cents per share received by taxpayer on stock of the General Baking Company of New York in 1931 is taxable as an ordinary dividend or as a liquidating dividend.

The pertinent part of section 112 of the Revenue Act of 1928 reads as follows:

"(i) Definition of reorganization.—As used in this section and sections 113 and 115—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected."

The petitioner here contends that the transaction involved was not a reorganiza-

tion within the meaning of section 112, Revenue Act of 1928, but was a mere liquidation of the Maryland Corporation and the common stock and debentures of the New York Company received by the taxpayer upon surrender of his stock in the former corporation is taxable to him under section 115 of said act, 45 Stat. 822. We do not see how this contention can be maintained.

The New York Company undoubtedly acquired substantially all the properties of the Maryland Corporation and immediately reissued its own stock in exchange therefor. The interest of the stockholders of the Maryland Corporation in the business owned by the New York Company and the Maryland Corporation, the holding company, remained, with but slight change, in the property owned by the New York Company after the plan was carried out. It seems clear that such a situation results, in its legal effect, in a reorganization within not only the letter but the spirit of the taxing statute and brings the transaction within that class which Congress plainly intended not to tax until the stockholder finally disposed of his stock and his profit was definitely ascertainable. There was no change in the taxpayer's position with respect to the ownership of the property but merely a change in the form of the stock certificates held by him.

There was, in substance, a merger of the two companies. "A merger ordinarily is an absorption by one corporation of the properties and franchises of another whose stock it has acquired. The merged corporation ceases to exist, and the merging corporation alone survives." Cortland Specialty Company et al. v. Commissioner of Internal Revenue, 2 Cir., 60 F.2d 937, 939.

It would be hard to more accurately describe what happened in the instant case.

See, also, Pinellas Ice & Cold Storage Co. v. Commissioner of Internal Revenue, 287 U.S. 462, 53 S.Ct. 257, 77 L.Ed. 428.

In the case of C. H. Mead Coal Company v. Commissioner, 4 Cir., 72 F.2d 22, 28, will be found an able discussion, by Judge Soper of this court, of some of the questions here involved. There the court said:

"It will thus be seen that the general purpose of all of these reorganization provisions was the same, not merely to remove the impediment to corporate readjustments, but also to prevent the recognition of purely fictitious gains or losses in the administration of the income tax law. * * * And the course of the legislation indicates that the various additions and amendments were intended to enlarge, rather than restrict, the scope of the section as a whole. * * *

"If there is not merely a sale of the assets, but a continuity of interest on the part of the old stockholder in the new business, so that the old stockholder does not actually liquidate his holdings, but continues to be a participant in the enterprise without actual realization of profit, and if the transaction partakes of the nature of a merger or consolidation in a liberal view, it is not the purpose of the act to recognize either a gain or a loss in the transaction, and no such gain or loss will affect the income tax of the stockholder until the new stock or securities are disposed of."

The continuity of interest frequently held by the courts to be necessary in a reorganization (Cortland Specialty Company v. Commissioner, supra; C. H. Mead Coal Co. v. Commissioner, supra), was present here. The taxpayer held practically the same interest in the property after the plan was carried out that he held before.

■ The decision of the Board is criticized because after holding that there was a reorganization within the meaning of (A), it was held that if there was any doubt about this it would seem clear that (B) would apply. We do not think this criticism is justified. The various subdivisions (A), (B), (C), and (D) of section 112(i) (1) of the Revenue Act above quoted may "overlap." Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 80 L. Ed. 284.

In the transaction here in question there was undoubtedly an acquisition by the New York Company of a majority of the voting stock and a majority of the total number of shares of all classes of stock of the Maryland Corporation as required in (A) and there was also a transfer by the Maryland Corporation of such part of its assets to the New York Company so that immediately after the transfer the stockholders of the Maryland Corporation were in control of the New York Company as required in (B). The decision of the Board was clearly right.

■ As to the second question, the dividend of fifty cents per share received by the taxpayer on the stock of the New York

Company was paid, out of the earnings of the New York Company, to the respondent as a stockholder in that company and was in no sense paid as a liquidating dividend of the Maryland Corporation. It was paid after the merger had been effected and the earnings out of which it was paid were never out of the direct possession of the New York Company, until the dividend was declared.

The decision of the Board of Tax Appeals is accordingly affirmed.

Affirmed.