## COXE v. HANDY, Collector of Internal Revenue.

### No. 6846.

Circuit Court of Appeals, Third Circuit.

April 10, 1939.

874

Aaron Finger and Richards, Layton & Finger, all of Wilmington, Del., for appellant.

James W. Morris, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Lester L. Gibson, Sp. Assts. to the Atty. Gen., and John J. Morris, Jr., U. S. Atty., of Wilmington, Del., for appellee.

Before BIGGS, MARIS and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the plaintiff from a judgment against her in the District Court for the District of Delaware in a suit brought for the recovery of income tax alleged to have been erroneously exacted from her by the defendant.

Immediately prior to July 1, 1929 plaintiff was the owner of slightly more than 80% of the preferred stock and all of the common voting stock of Bellevue, Inc., a Delaware holding company. On that date she caused Bellevue, Inc. to be dissolved and liquidated. Upon its dissolution its assets were distributed in kind to its stockholders including the plaintiff. The distribution thus received by her, at its fair market value, was substantially in excess of the basis (adjusted under Section 113 of the Revenue Act 1928, 26 U.S.C.A. § 113 note) of her stock. In her income tax

return for 1929, however, she did not report the gain thus received as a part of her taxable income, or pay tax thereon. Upon an audit of her return the Commissioner of Internal Revenue determined that an additional tax of $14,772.71 was payable by her in respect thereof. This additional tax, with interest, was thereupon paid by the plaintiff and the present suit was brought to recover it.

The sole question involved in this appeal is whether gain resulting from a distribution received by a taxpayer in complete liquidation of a corporation of which he was in control within the meaning of Section 112 of the Revenue Act of 1928, 26 U.S.C.A. § 112, is required by the provisions of Section 115 (c) of that act, 26 U. S.C.A. § 115 note, to be recognized for income tax purposes. The material provisions of the latter section are as follows: "(c) Distributions in liquidation. Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112."

This language makes it clear that distributions in complete liquidation of a corporation result in a gain or loss to the taxpayer, determined as indicated in Section 111, 26 U.S.C.A. § 111, which gain or loss, however, is to be recognized for tax purposes "only to the extent provided in section 112." We are thus directly referred for the solution of our problem to Section 112, 26 U.S.C.A. § 112, the first subsection (a) of which is as follows: "(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section."

It will thus be seen that under sections 115 and 112 considered together the gain derived by the plaintiff upon the distribution here involved is to be recognized for tax purposes unless it comes within one of the exceptions contained in the later subsections of Section 112. The plaintiff contends that her gain is not to be recognized for tax purposes because it does come within the exception contained in subsection (b) (5) of Section 112, which is

as follows: "(5) Transfer to corporation controlled by transferor. No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange."

Subsection (h) of section 112, 26 U.S.C.A. § 112(h), defines the term "control" to mean "the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation." While the plaintiff was undoubtedly in control of Bellevue, Inc., within the meaning of this subsection, we agree with the court below that subsection (b) (5) does not operate to exempt the gain realized upon the distribution she received in liquidation of her controlled corporation from recognition for tax purposes. That subsection refers to property transferred to a corporation by persons in control of it. In the present case, however, the distribution was by the corporation, not to it. This is a transfer in the opposite direction to that referred to in subsection (b) (5). The provisions of that subsection, which are perfectly clear, cannot be extended by construction to include the opposite situation. To do so would require an amendment which is a matter for the Congress and not the courts.

The plaintiff argues that unless such a construction is given to subsection (b) (5) when applied to a distribution in liquidation the provision in the second sentence of Section 115(c) that "the gain or loss to the distributee" in liquidation "shall be recognized only to the extent provided in section 112," is meaningless since there is no other provision of that section which could apply to such a distribution. In making this argument we think she overlooks subsection (a) of that section which makes the entire amount of gain or loss recognizable for tax purposes except as specifically provided for later in the section. Thus the reference to Section 112 in Section 115 (c) would have meaning even though the former section did not exempt any transaction from recognition since the general rule contained in its first paragraph would unquestionably be applicable.

It may nevertheless be conceded that unless the subsequent subsections of Section 112 do provide for at least one case of exemption which in some circumstances might be applicable to a distribution in liquidation of a corporation, the word "only" in the clause in Section 115(c) that the gain or loss "shall be recognized only to the extent provided in section 112" would have no meaning. In answer to the plaintiff's argument it is unnecessary to point out all the exemption clauses of Section 112 which may under some circumstances be applicable to distributions in corporate liquidation, since a single example will suffice to demonstrate the lack of basis for plaintiff's contention that her construction of subsection (b) (5) provides the only possible case.

Subsection (b) (3) of Section 112 provides that "No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization." In Commissioner of Internal Revenue v. Food Industries, Inc., 3 Cir., 101 F.2d 748, this court recently had before it a case in which the General Baking Corporation distributed to the taxpayer, Food Industries, Inc., which was one of its stockholders, shares of stock of its subsidiary, General Baking Company, pursuant to a plan of reorganization to which both corporations were parties. The distribution was in complete liquidation of the General Baking Corporation within the meaning of Section 115 (c) but this court held that the gain resulting from it was not to be recognized for tax purposes since the transaction came squarely within the provisions of subsection (b) (3) of Section 112. See also Helvering v. Leary, 4 Cir., 93 F.2d 826, Helvering v. Schoellkopf, 2 Cir., 100 F.2d 415, Commissioner v. Kolb, 9 Cir., 100 F.2d 920, and Commissioner v. Whitaker, 1 Cir., 101 F.2d 640, in which the same reorganization was involved. In the light of the Food Industries case it cannot be said that the provision in Section 115(c) that gains or losses resulting from distributions in liquidation of a corporation are to be recognized

"only to the extent provided in section 112," can have no meaning as a restrictive clause.

The plaintiff rested her case upon her interpretation of subsection (b) (5) of section 112. She does not point to any other clause in that section which would exempt from taxation the gain she derived from the distribution she received from Bellevue, Inc. It follows under the express provisions of Section 115(c) and Section 112(a) that her gain was subject to income tax. She concedes that if this be so the amount of the tax exacted from her was proper.

The judgment is affirmed.